IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAY 19 2016

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| AMBER TAVE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:16-CV-278-A |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of United States of America to dismiss for lack of subject matter jurisdiction. Plaintiff, Amber Tave, has failed to respond to the motion, which is ripe for ruling. The court, having considered the motion, the record, and applicable authorities, finds that the motion should be granted.

I.

Background

On March 14, 2016, plaintiff filed her original petition in the 48th Judicial District Court of Tarrant County, Texas, naming Preston Odell Blakemore ("Blakemore"), United States Post Office ("Post Office"), and United States of America as defendants. She alleged that Blakemore, an employee of the Post Office was negligent in attempting to make a u-turn in front of her vehicle, causing their vehicles to collide and injuring plaintiff. On April 19, 2016, United States filed her notice of removal,

including a certification that Blakemore was a federal employee acting within the scope of his employment at the time of the incident giving rise to this action. Accordingly, the United States is to be substituted as the party defendant. 28 U.S.C. § 2679(d)(1) & (2).[1] And, inasmuch as tort claims can only be brought against United States and not her agencies, <u>Walters v. Smith</u>, 409 F. App'x 782, at *1 (5th Cir. 2011); <u>Galvin v. Occupational Safety & Health Admin.</u>, 860 F.2d 181, 183 (5th Cir. 1988), the claim again Post Office is being dismissed.

II.

## Grounds of the Motion

United States says that the court lacks jurisdiction over this action because its jurisdiction is derivative of the state court's jurisdiction and the state court lacked jurisdiction over plaintiff's claims. In addition, plaintiff has failed to exhaust her administrative remedies and her claim is premature.

III.

## Applicable Legal Principles

When considering a motion to dismiss for lack of subject matter jurisdiction, the court construes the allegations of the complaint favorably to the pleader. <u>Id.</u> However, the court is

---

[1] The court is causing the caption to be amended to reflect that United States is the sole defendant.

2

not limited to a consideration of the allegations of the complaint in deciding whether subject matter jurisdiction exists. Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981). The court may consider conflicting evidence and decide for itself the factual issues that determine jurisdiction. Id. Because of the limited nature of federal court jurisdiction, there is a presumption against its existence. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978); McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936). A party who seeks to invoke federal court jurisdiction has the burden to demonstrate that subject matter jurisdiction exists. McNutt, 298 U.S. at 178; Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921).

IV.

## Analysis

Removal of this case was authorized under 28 U.S.C. §§ 1442(a)(1) and 2679(d)(2). However, whether the court may exercise subject matter jurisdiction depends upon whether Congress allows it. See United States v. Mitchell, 463 U.S. 206, 212 (1983). Under the Federal Tort Claims Act ("FTCA"), the United States has granted a limited waiver of sovereign immunity for torts committed by her employees acting within the scope of their employment to the same extent that a private person would be liable under state law. 28 U.S.C. §1346(b)(1). Under the FTCA,

3

claims may only be brought in federal courts and only after the exhaustion of administrative remedies. <u>Lopez v. Sentrillon Corp.</u>, 749 F.3d 347, 350-51 (5th Cir. 2014). Thus, the state court did not have jurisdiction over plaintiff's claim, 28 U.S.C. § 1346(b)(1), and this court does not have derivative jurisdiction. <u>Lopez</u>, 749 F.3d at 350. Further, the record establishes that this court would not have jurisdiction in any event since plaintiff has not exhausted her administrative remedies. Doc.[2] 5 at 3-4 of 8 (App'x 001-002). Accordingly, plaintiff's claim must be dismissed. <u>McNeil v. United States</u>, 508 U.S. 106, 111-13 (1993); <u>Lopez</u>, 749 F.3d at 350-51.

V.

Order

The court ORDERS that United States be, and is hereby, substituted for Blakemore as defendant, the claim against the Post Office is dismissed, and the caption of this action be, and is hereby, amended to reflect that United States is the only defendant in this action.

The court further ORDERS that United States' motion to dismiss be, and is hereby, granted, and that plaintiff's claim

---

[2]The "Doc." reference is to the number of the item on the court's docket in this action.

against her be, and is hereby, dismissed for want of
jurisdiction.

     SIGNED May 19, 2016.


_____
JOHN MCBRYDE
United States District Judge